UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re
        GAS RNG SYSTEMS LLC,                          BK 25-10007 CLB


                          Debtor.                     DECISION & ORDER
------------------------------------------------------


                          Robert R. Radel Attorneys at Law
                          Robert R. Radel, Esq., of counsel
                          174 Franklin Street
                          Buffalo, New York 14202
                          Attorney for Debtor

                          Stevenson & Bullock, P.L.C.
                          Ernest M. Hassan, III, Esq., of counsel
                          26100 American Drive, Suite 500
                          Southfield, Michigan 48034
                          Attorneys for Weiss Construction Co., LLC

                          Butzel Long P.C.
                          Ryan C. Plecha, Esq., of counsel
                          201 W. Big Beaver, Suite 1200
                          Troy, Michigan 48084
                          Attorneys for Weiss Construction Co., LLC


Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.


        A creditor has renewed its request to examine various documents in the possession

of the debtor.  This motion requires that we consider the limitations of Bankruptcy Rule

2004 and the identity of the party to whom documents are appropriately abandoned

under 11 U.S.C. § 554.

        Prior to the filing of its bankruptcy petition, GAS RNG Systems, LLC, performed

work on renewable natural gas projects.  In particular, it delivered equipment and

provided services to Weiss Construction Co., LLC.[1]  Unfortunately, problems developed

with regard to the completion of at least two contracts. Litigation ensued among various

entities, including GAS RNG, Weiss Construction and North Country Environmental

---

[1]At various places in its papers, counsel for the movant has identified its client as either Weiss
Construction Co., LLC, or as Weiss Construction LLC.  No one has questioned this difference, so that we
will assume they are the same entity.  For purposes of this opinion, we refer to the movant as Weiss
Construction.

Services, Inc..  When it was no longer able to afford the costs of defense, GAS RNG filed a petition for relief under Chapter 7 on January 6, 2025.  Although the filing of this petition stayed litigation as against the debtor, proceedings in state court have continued with regard to other parties.

In schedules filed with its bankruptcy petition, GAS RNG listed Weiss Construction LLC as a contingent, unliquidated and disputed creditor in the amount of $16,241,602. If this liability were allowed for the stated amount, it would represent more than 98 percent of the scheduled claims.

In July of 2025, Weiss Construction and North Country Environmental Services filed separate motions under Bankruptcy Rule 2004 to compel an examination of the debtor and the release of various documents. GAS RNG vigorously opposed these demands. The Chapter 7 Trustee took no position. After giving careful consideration to the arguments of counsel, this Court found that the requests were overly broad.  Accordingly, we granted the motions only in part, to the effect of directing the debtor to deliver copies of those specific documents that seemed most relevant to the litigation in state court. However, the Court agreed that upon a showing of good cause, it would also consider a further application for access to documents.

The Chapter 7 Trustee issued a Report of No Distribution on March 27, 2026.  In it, she recited that "I have neither received any property nor paid any money on account of this estate; that I have made diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law."  The Trustee then certified "that the estate of the above-named debtor(s) has been fully administered."  In the normal course, this case would have proceeded to closing. However, on April 5, 2026, Weiss Construction filed a motion to compel the debtor to produce additional documents.

Weiss Construction reports that GAS RNG produced two settlement agreements but not the exhibits and related materials that were referenced in those documents. Pursuant to Bankruptcy Rule 2004, Weiss now seeks the release of those additional materials. The debtor responds that inasmuch as the estate has been fully administered, Bankruptcy Rule 2004 no longer authorizes any further access. In response to the Court's inquiry, the parties have further briefed the question of access to abandoned assets. While Weiss asks that the disputed documents be abandoned to it, GAS RNG contends that any such records must be released to the debtor.

Discussion

Subdivision (a) of Bankruptcy Rule 2004 states that "[o]n a party in interest's motion, the court may order the examination of any entity." This sweeping authorization, however, is not without limitations. For these we start with subdivision (b) of the Rule, which provides as follows:

> "The examination of an entity under this Rule 2004 . . . may relate only to: (A) the debtor's acts, conduct, or property; (B) the debtor's liabilities and financial condition; (C) any matter that may affect the administration of the debtor's estate; or (D) the debtor's right to a discharge."

In considering the initial motions by Weiss Construction and North Country Environmental Services, we were persuaded that the requested documents might relate to the identification of estate assets and liabilities. Indeed, the Chapter 7 trustee was then reviewing many of the same papers. But the current motion is now brought after the trustee has issued her Report of No Distribution. A further review of documents is needed no longer to determine assets of the estate or to assess the debtor's liabilities and financial condition. Because administration of the estate is now complete, additional inquiry is not necessary to advance that process. Not being an individual, the debtor is ineligible to receive a discharge. *See* 11 U.S.C. § 727(a)(1). Hence, at this time, the request for a further examination of documents does not fall within the scope of permissible examination under subdivision (b) of Rule 2004.

Even though Rule 2004 does not now authorize a further review of documents, the current motion more broadly looks to resolve the issue of control over those records. Prior to bankruptcy, the disputed books and records were property of GAS RNG. Upon filing, these assets then became property of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1). The ultimate disposition of the books and records is therefore addressed by 11 U.S.C. § 554, which deals with abandonment of property of the estate. Of particular relevance to the current dispute are the following three subdivisions of that section:

> "(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> (c) Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.
> (d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."

A most instructive distinction exists between subdivisions (b) and (c). Under subdivision (c), if scheduled property is not administered when the case closes, and "[u]nless the court orders otherwise," that property is "abandoned to the debtor." But when a party in interest moves under subdivision (b), the statute does not direct abandonment to any particular person or entity. By implication, the Court may for good cause allow abandonment to someone other than the debtor.

In the present instance, the debtor did not list books and records on its schedule of assets. Under 11 U.S.C. § 554(d), unless the Court otherwise directs, all documents would remain property of the estate. But here, we view the motion of Weiss Construction as a request that particular documents be abandoned to the movant under 11 U.S.C. § 554(b). Good cause exists for such an outcome. The trustee does not oppose the motion. This is a case under Chapter 7, where the debtor has lost authority for continued operations. The debtor has presented no reason to question the representation of Weiss

Construction that it has need for these documents in the context of litigation against parties other than the debtor. Overwhelmingly, Weiss Construction holds the largest potentially allowable claim in this bankruptcy. With no expectation of a distribution in this case, Weiss Construction appropriately requests the ease of access to information that might facilitate its pursuit of a different avenue of recovery.

The debtor argues that the Internal Revenue Service and the State of New York may require the debtor to maintain documents for a minimum of three years. We need not confirm this belief, however, because any such concern is readily accommodated. An order directing abandonment of documents to Weiss Construction will not here preclude the debtor from retaining a copy for its own comfort. Otherwise, we see no reason why a non-operating entity like the debtor should prevent the abandonment of documents to its largest creditor. The Court chooses not to speculate about reasons why an officer of the debtor might prefer to deny access to Weiss Construction. The debtor's officers and directors are not the debtor, and therefore have no right to assert personal control over corporate assets.

Conclusion

In its Second Amended Motion, Weiss Construction requests the production of additional documents. For the reasons stated herein, the Court treats this motion as a request for abandonment and as so characterized, this motion is granted. The requested documents are abandoned to Weiss Construction. The debtor may retain a copy of such records, but is otherwise directed to deliver those materials to the movant expeditiously.

So ordered.

Dated: June 18, 2026                    /s/ Carl L. Bucki
        Buffalo, New York            Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.